IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Michael J. Watanabe

Civil Action No.  12-cv-00504-PAB-MJW

TIMOTHY BOWMAN,

Plaintiff(s),

v.

RECEIVABLES PERFORMANCE MANAGEMENT, L.L.C., and
DOES 1-10, inclusive,

Defendant(s).

ORDER SETTING SCHEDULING/PLANNING CONFERENCE

The above captioned case has been referred to Magistrate Judge Michael J. Watanabe pursuant to the Order of Reference to United States Magistrate Judge, entered by Judge Philip A. Brimmer.

IT IS HEREBY ORDERED that a Scheduling/Planning Conference pursuant to Fed.R.Civ.P.16(b) shall be held on:

> May 4, 2012, at 9:30 a.m.,
> in Courtroom A-502,
> Fifth Floor,
> Alfred A. Arraj U.S. Courthouse,
> 901 19th Street,
> Denver, Colorado 80294

If this date is not convenient for any counsel/pro se party, he/she should confer with opposing counsel/pro se party and **file a motion** to reschedule the conference to a more convenient date.

**Absent exceptional circumstances, no request for rescheduling any appearance in this court will be entertained unless a written request is made FIVE (5) business days in advance of the date of appearance.**

THE PLAINTIFF SHALL NOTIFY ALL PARTIES WHO HAVE NOT ENTERED AN APPEARANCE, OF THE DATE AND TIME OF THE SCHEDULING/PLANNING CONFERENCE.

IT IS ORDERED that counsel/pro se parties in this case shall hold a pre-scheduling conference meeting and prepare a proposed Scheduling Order in accordance with Fed.R.Civ.P.26(f) as amended, and D.C.COLO.LCivR 26.1 and App. F, on or before <u>21 days prior to scheduling conference</u>.  Pursuant to Fed.R.Civ.P.26(d), as amended, no discovery shall be sought until after the pre-scheduling conference meeting.  No later than 5 days prior to the Scheduling/Planning Conference, counsel/pro se parties shall submit their proposed Scheduling Order **(in PDF)** in compliance with the ECF Filing Procedures.  An additional copy shall be provided to chambers by e-mail with the subject line "Proposed Scheduling Order" and case number **(in WordPerfect or Word format)** to:  Watanabe_Chambers@cod.uscourts.gov.  In addition, on or before 14 days after the pre-scheduling conference meeting, the parties shall comply with the mandatory disclosure requirements of Fed.R.Civ.P.26(a)(1), as amended.

Counsel/pro se parties shall prepare the proposed Scheduling Order in accordance with the form which may be downloaded in richtext format from the forms section of the Court's website at www.cod.uscourts.gov, and are also attached to this document.  Instructions for downloading the formats are posted in the forms section of the website.   Parties who are *pro se* or do not have access to the internet may visit the Clerk's Office in Alfred A. Arraj U.S. Courthouse,  901 19th Street, Room A-105, Denver, Colorado.   (The Clerk's Office telephone number is (303) 844-3433.) Scheduling Orders prepared by parties not represented by counsel, or without access to ECF, shall be submitted on paper.

All out-of-state counsel shall comply with D.C.COLO.LCivR 83.3 prior to the Scheduling/Planning Conference.

It is the responsibility of counsel to notice the court of their entry of appearance, notice of withdrawal, notice of substitution of counsel, or notice of change of counsel's address, e-mail address, or telephone number by complying with the ECF Procedures and, filing the appropriate document with the court.

Please remember that **everyone** seeking entry into the Alfred A. Arraj United States Courthouse will be required to show valid photo identification.  <u>See</u> D.C.COLO.LCivR 83.2B.  Failure to comply with this requirement will result in denial of entry into the Alfred A. Arraj United States Courthouse.

DONE AND SIGNED THIS 5th DAY OF MARCH, 2012

BY THE COURT:

s/Michael J. Watanabe
_____
MICHAEL J. WATANABE
United States Magistrate Judge

**Appendix F**

# INSTRUCTIONS FOR PREPARATION
# OF SCHEDULING ORDER

When the court has set a scheduling conference pursuant to Fed. R. Civ. P. 16 and D.C.COLO.LCivR 16.1 and 16.2 , a scheduling order shall be prepared in accordance with these instructions. The rule 26(f) meeting shall be held at least 21 days before the proposed scheduling order is due to be tendered.  The disclosures required by Fed. R. Civ. P. 26(a)(1) shall be exchanged at or within 14 days after the rule 26(f) meeting.  Do not file any disclosure statements with the court.

Five days before the scheduling conference (see Fed. R. Civ. P. 6 for all computations of time), counsel are to tender a proposed scheduling order which shall include the signatures of counsel and *pro se* parties and shall provide for approval by the court as specified on the attached form. Counsel and *pro se* parties should try, in good faith, to agree upon matters covered in the scheduling order.  Any area of disagreement should be set forth with a brief statement concerning the basis for the disagreement. The parties should expect that the court will make modifications in the proposed scheduling order and will want to discuss all issues affecting management of the case.

D.C.COLO.LCivR 72.2 authorizes magistrate judges to exercise jurisdiction of civil matters upon the consent of the parties.  If all parties have consented to the exercise of jurisdiction by a magistrate judge pursuant to D.C.COLO.LCivR 72.2, the "Notice of Availability of a United States Magistrate Judge to Exercise Jurisdiction and Consent to the Exercise of Jurisdiction by a United States Magistrate Judge" form and a proposed order of reference are to be filed promptly with the Clerk of the Court and the consent indicated in section 6. of the proposed scheduling order.  Note that D.C.COLO.LCivR 72.2D. provides, in part: "Written consent to proceed before a magistrate judge must be filed no later than ten days after the discovery cut-off date.  In cases not requiring discovery, the parties shall have 40 days from the filing of the last responsive pleading to file their unanimous consent."  Refer to D.C.COLO.LCivR 72.2F. if all parties have not been served or in the event additional parties are added after the scheduling conference.

Listed on the following pages as **Appendix F.1.** is the format for the proposed scheduling order. The bracketed and italicized information on the form explains what the court expects.

Also listed on the following pages as **Appendix F.2**. is the format for the proposed scheduling order on an action for review of an administrative record.  The bracketed and italicized information on the form explains what the court expects

**Scheduling orders shall be double-spaced in accordance with D.C.COLO.LCivR 10.1E., even though the instructions in the following format for the proposed scheduling order are single-spaced.**

**PARTIES AND COUNSEL ARE DIRECTED TO THE COURT'S WEBSITE, http://www.cod.uscourts.gov/Dindex.htm, FOR ITS LOCAL RULES AND THE GENERAL PROCEDURES OF EACH JUDICIAL OFFICER.**

(Rev. 11/20/09)

**Appendix F.1.**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

Plaintiff(s)

, v.

Defendant(s).

**SCHEDULING ORDER**

**1. DATE OF CONFERENCE
AND APPEARANCES OF COUNSEL AND *PRO SE* PARTIES**

*[Provide the date of the conference and the names, addresses, and telephone numbers of counsel for each party and each* pro se *party. Identify by name the party represented by each counsel.]*

**2. STATEMENT OF JURISDICTION**

*[Provide a concise statement of the basis for subject matter jurisdiction with appropriate statutory citations.  If jurisdiction is denied, give the specific reason for the denial.]*

**3. STATEMENT OF CLAIMS AND DEFENSES**

a. Plaintiff(s):

b. Defendant(s):

c. Other Parties:

*[Provide concise statements of all claims or defenses.  Each party, in light of*

*formal or informal discovery undertaken thus far, should take special care to eliminate frivolous claims or defenses. Fed. R. Civ. P. 11 and 16(c)(2)(A). Do not summarize the pleadings. Statements such as  defendant denies the material allegations of the complaint" are not acceptable.]*

### 4. UNDISPUTED FACTS

The following facts are undisputed:

*[When the parties have the Rule 26(f) meeting, they should make a good-faith attempt to determine which facts are not in dispute.]*

### 5. COMPUTATION OF DAMAGES

*[Include a computation of all categories of damages sought and the basis and theory for calculating damages.  See Fed. R. Civ. P. 26(a)(1)(A)(iii).  This should include the claims of all parties.  It should also include a description of the economic damages, non-economic damages, and physical impairment claimed, if any.]*

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED.R.CIV.P. 26(f)

a. Date of Rule 26(f) meeting.

b. Names of each participant and party he/she represented.

c. Statement as to when Rule 26(a)(1) disclosures were made or will be made.

*[If a party's disclosures were not made within the time provided in Fed. R. Civ. P. 26(a)(1)(C) or by the date set by court order, the parties must provide an explanation showing good cause for the omission.]*

d. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

e. Statement concerning any agreements to conduct informal discovery:

*[State what processes the parties have agreed upon to conduct informal discovery, such as joint interviews with potential witnesses or joint meetings with clients to discuss settlement, or exchanging documents outside of formal discovery.  If there is agreement to conduct joint interviews with potential witnesses, list the names of such witnesses and a date and time for the interview which has been agreed to by the witness, all counsel, and all pro se parties.]*

  f. Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system

  *[Counsel and pro se parties are strongly encouraged to cooperate in order to reduce the costs of litigation and expedite the just disposition of the case. Discovery and other litigation costs may be reduced, for example, through telephone depositions, joint repositories for documents, use of discovery in other cases, and extensive use of expert affidavits to support judicial notice. Counsel and pro se parties also will be expected to use a unified exhibit numbering system if required by the practice standards of the judicial officer presiding over the trial of this case.]*

  g. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

  *[In such cases, the parties must indicate what steps they have taken or will take to (i) preserve electronically stored information; (ii) facilitate discovery of electronically stored information; (iii) limit the associated discovery costs and delay; (iv) avoid discovery disputes relating to electronic discovery; and (v) address claims of privilege or of protection as trial-preparation materials after production of computer-generated records. Counsel should describe any proposals or agreements regarding electronic discovery made at the Rule 26(f) conference and be prepared to discuss issues involving electronic discovery, as appropriate, at the Scheduling Conference.]*

  *[When the parties have their Rule 26(f) meeting, they must discuss any issues relating to the disclosure and discovery of electronically stored information, including the form of production, and also discuss issues relating to the preservation of electronically stored information, communications, and other data. At the Rule 26(f) meeting, the parties should make a good faith effort to agree on a mutually acceptable format for production of electronic or computer-based information. In advance of the Rule 26(f) meeting, counsel carefully investigate their client's information management systems so that they are knowledgeable as to its operation, including how information is stored and how it can be retrieved.]*

  h. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

  *[The parties are required by Fed. R. Civ. P. 26(f)(2) to have discussed the possibilities for a prompt settlement or resolution of the case by alternate dispute resolution. They must also report the result of any such meeting, and any similar future meeting, to the magistrate judge within ten days of the meeting.]*

## 7. CONSENT

*[Pursuant to D.C.COLO.LCivR 72.2, all full-time magistrate judges in the District of Colorado are specially designated under 28 U.S.C. § 636(c)(1) to conduct any or all*

*proceedings in any jury or nonjury civil matter and to order the entry of judgment. Parties consenting to the exercise of jurisdiction by a magistrate judge must complete and file the court-approved Consent to the Exercise of Jurisdiction by a United States Magistrate Judge form.]*

*[Indicate below the parties' consent choice.  Upon consent of the parties and an order of reference from the district judge, the magistrate judge assigned the case under 28 U.S.C.§ 636(a) and (b) will hold the scheduling conference and retain settlement jurisdiction, whereas pretrial case management, jurisdiction of dispositive motions, and trial will be assigned to the magistrate judge drawn at random under D.C.COLO.LCivR 72.2.]*

All parties [have or have not] consented to the exercise of jurisdiction of a magistrate judge.

## 8.  DISCOVERY LIMITATIONS

*[In the majority of cases, the parties should anticipate that the court will adopt the presumptive  limitations on depositions established in Fed. R. Civ. P. 30(a)(2)(A)(i) and 33(a)(i).  The parties are expected to engage in pretrial discovery in a responsible manner consistent with the spirit and purposes of Fed. R. Civ. P. 1 and 26 through 37. The parties are expected to propose discovery limits that are proportional to the needs of the case, the amount in controversy, and the importance of the issues at stake in the action.  See Fed. R. Civ. P. 26(g)(1)(B)(iii).  The court must limit discovery otherwise permitted by the Federal Rules of Civil Procedure if it determines that "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the action."  See Fed. R. Civ. P. 26(b)(2)(C).]*

a. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

*[If a party proposes to exceed the numerical limits set forth in Fed. R. Civ. P. 30(a)(2)(A)(i), at the scheduling conference they should be prepared to support that request by reference to the factors identified in Fed. R. Civ. P. 26(b)(2)(C).]*

b.Limitations which any party proposes on the length of depositions.

c. Limitations which any party proposes on the number of requests for production and/or requests for admission.

*[If the parties propose more than twenty-five (25) requests for production and/or requests for admission, at the scheduling conference they should be prepared to support that proposal by reference to the factors identified in Fed. R. Civ. P. 26(b)(2)(C).]*

7

    d.    Other Planning or Discovery Orders

*[Set forth any other proposed orders concerning scheduling or discovery. For example, the parties may wish to establish specific deadlines for submitting protective orders or for filing motions to compel.]*

### 9. CASE PLAN AND SCHEDULE

    a.    Deadline for Joinder of Parties and Amendment of Pleadings:

*[Set time period within which to join other parties and to amend all pleadings. This deadline refers to timing only and does not eliminate the necessity to file an appropriate motion and to otherwise comply with Fed. R. Civ. P. 15. Unless otherwise ordered in a particular case, for good cause, this deadline should be no later than 45 days after the date of the scheduling conference, so as to minimize the possibility that late amendments and joinder of parties will precipitate requests for extensions of discovery cutoff, final pretrial conference, and dispositive motion dates. Counsel and pro se parties should plan discovery so that discovery designed to identify additional parties or claims is completed before these deadlines.]*

    b.    Discovery Cut-off:

    c.    Dispositive Motion Deadline:

*[Set time periods in which discovery is to be completed and dispositive motions are to be filed.]*

    d.    Expert Witness Disclosure

    1.    The parties shall identify anticipated fields of expert testimony, if any.

    2.    Limitations which the parties propose on the use or number of expert witnesses.

    3.    The parties shall designate all experts and provide opposing counsel and any *pro se* parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before _____, 200__.

    4.    The parties shall designate all rebuttal experts and provide opposing counsel and any *pro se* party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before _____, 200__.

*[Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no exception to the requirements of the Rule will be allowed by stipulation unless the stipulation is in writing*

*and approved by the court. In addition to the requirements set forth in Rule 26(a)(2)(B)(i)-(vi), the expert's written report also must identify the principles and methods on which the expert relied in support of his/her opinions and describe how the expert applied those principles and methods reliably to the facts of the case relevant to the opinions set forth in the written report.]*

    e.    Identification of Persons to Be Deposed:

*[List the names of persons to be deposed and provide a good faith estimate of the time needed for each deposition. All depositions must be completed on or before the discovery cut-off date and the parties must comply with the notice and scheduling requirements set for in D.C.COLOLCivR 30.1.]*

    f.    Deadline for Interrogatories:

*[The parties are expected to serve interrogatories on opposing counsel or a pro se party on a schedule that allows timely responses on or before the discovery cut-off date.]*

    g.    Deadline for Requests for Production of Documents and/or Admissions

*[The parties are expected to serve requests for production and/or requests for admission on opposing counsel or a pro se party on a schedule that allows timely responses on or before the discovery cut-off date.]*

## 10.  DATES FOR FURTHER CONFERENCES

*[The magistrate judge will complete this section at the scheduling conference if he or she has not already set deadlines by an order filed before the conference.]*

    a.    A settlement conference will be held on_____ at _____ o'clock __.m.  It is hereby ordered that all settlement conferences that take place before the magistrate judge shall be confidential.

    ( )    *Pro se* parties and attorneys only need be present.

    ( )    Pro se parties, attorneys, and client representatives with authority to settle must be present.  (NOTE: This requirement is not fulfilled by the presence of counsel.  If an insurance company is involved, an adjustor authorized to enter into settlement must also be present.)

    ( )    Each party shall submit a Confidential Settlement Statement to the magistrate judge on or before _____ outlining the facts and issues, as well as the strengths and weaknesses of their case.

    b.    Status conferences will be held in this case at the following dates and times: _____

_____

  c. A final pretrial conference will be held in this case <u>on  </u> at <u>   </u> o'clock <u>  </u> m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than five (5) days before the final pretrial conference.

## 11.  OTHER SCHEDULING MATTERS

  a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

  b. Anticipated length of trial and whether trial is to the court or jury.

  c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facility at 212 N. Wahsatch Street, Colorado Springs, Colorado. *[Determination of any such request will be made by the magistrate judge based on the individual needs of the case and the availability of space and security resources.]*

## 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

[*The following paragraphs shall be included in the scheduling order:*]

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D. by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

## 13.  AMENDMENTS TO SCHEDULING ORDER

*[Include a statement that the scheduling order may be altered or amended only upon a showing of good cause.]*
  DATED this <u>   </u> day <u>of  </u> <u>   </u>, 20<u>  </u>.

BY THE COURT:

_____
United States Magistrate Judge

APPROVED:

                                                                   _____
                                                                   (Name) (Address) (Telephone Number)
                                                                   Attorney for Defendant (or Defendant, *Pro Se*)

_____
(Name) (Address) (Telephone Number)
Attorney for Plaintiff (or Plaintiff, *Pro Se*)

*[Please affix counsels' and any pro se party's signatures before submission of the final pretrial order to the court.]*